**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF LOUISIANA

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Falcon V, L.L.C.** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **81-4041725** |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**400 Poydras Street**<br>**Suite 1100**<br>**New Orleans, LA 70130**<br>Number, Street, City, State & ZIP Code<br><br>**Orleans**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **n/a** |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor    **Falcon V, L.L.C.**    Case number (*if known*)
      Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    __2111__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ■ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When | Case number |
|---|---|---|---|
| | District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | **See Attachment** | Relationship | |
|---|---|---|---|---|
| | District | | When | Case number, if known |

Debtor **Falcon V, L.L.C.**         Case number (*if known*) _____
    Name

**11. Why is the case filed in *this district?***

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes. Insurance agency _____
  Contact name _____
  Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*
- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ■ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Falcon V, L.L.C.**                                    Case number (*if known*)
        Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **May 10, 2019**
             MM / DD / YYYY

**X /s/ James E. Orth**                                         **James E. Orth**
Signature of authorized representative of debtor                Printed name

Title  **President and Chief Executive Officer**

**18. Signature of attorney**

**X /s/ Louis M. Phillips**                                     Date  **May 10, 2019**
Signature of attorney for debtor                                      MM / DD / YYYY

**Louis M. Phillips**
Printed name

**Kelly Hart & Pitre**
Firm name

**301 Main Street**
**Suite 1600**
**Baton Rouge, LA 70801-1916**
Number, Street, City, State & ZIP Code

Contact phone  **225-381-9643**        Email address  **louis.phillips@kellyhart.com**

**10505 LA**
Bar number and State

Debtor **Falcon V, L.L.C.**　　　　　　　　　　　　　　　　　　　　　Case number (*if known*)
　　　　　Name

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
MIDDLE DISTRICT OF LOUISIANA

Case number (*if known*) _____　Chapter __11__

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **Falcon V Holdings, L.L.C.** | | | Relationship to you | **parent** |
| District | **Middle District of Louisiana** | When | **5/10/19** | Case number, if known | |
| Debtor | **ORX Resources, L.L.C.** | | | Relationship to you | **affiliate** |
| District | **Middle District of Louisiana** | When | **5/10/19** | Case number, if known | |

# Unanimous Written Consent of
# the Sole Member of Falcon V, L.L.C.

The undersigned Sole Member of **FALCON V, L.L.C.**, limited liability company organized pursuant to the laws of the State of Louisiana (the "Company"), does hereby, in lieu of a meeting, consent to, approve, and adopt the following preliminary statement and resolutions (the "Resolutions") as provided in this *Unanimous Written Consent of the Sole Member of Falcon V, L.L.C.* (this "Written Consent"):

## Preliminary Statement

The undersigned Sole Member of the Company has considered presentations by, and consultations with, the management and advisors of the Company regarding the Company's financial situation and the strategic alternatives available to the Company and, after such consideration and consultation, have determined that it is advisable and in the best interests of the Company, its creditors, and other parties in interest, that the Company file a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

## Resolutions

**Resolved,** that this Written Consent shall have the same force and effect as a formal meeting of the Sole Member of the Company for all purposes, and that the undersigned do hereby waive all notice of a meeting as may be required under the any operating agreement or applicable state law.

**Resolved,** that Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the Bankruptcy Code.

**Resolved,** that, upon receipt by the Company of this Written Consent to the filing of the Chapter 11 Case, James E. Orth, President and Chief Executive Officer (the "Authorized Signatory"), be and is hereby authorized, empowered, and directed for, on behalf of, and in the name of, the Company to execute, deliver, verify, and/or certify a petition under the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Middle District of Louisiana (the "Bankruptcy Court") at such time as such Authorized Signatory executing the same shall determine.

**Resolved,** that the Authorized Signatory be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Company to execute and file, in connection with the Chapter 11 Case, the following nonexclusive things, all petitions, schedules, lists, pleadings, applications, motions, complaints, affidavits, certificates, instruments, documents, agreements, requests, directions, receipts, other papers, or the like, and any amendments, supplements, or modifications of the above, and fully perform or caused to be performed the terms and provisions thereof, and to take any and all actions that the Authorized Signatory may deem necessary, proper, appropriate, or desirable in connection with the commencement, continuation, and prosecution of the Chapter 11 Case including, without limitation, retention of

professionals, incurrence of debtor in possession financing, the sale of any or all of the assets or stock of the Company, and/or to file and prosecute a plan of reorganization or liquidation.

**Resolved,** that the authority granted to the Authorized Signatory above and herein shall include without limitation, the following Resolutions.

## Chapter 11 Filing

**Resolved,** that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the Bankruptcy Code.

## Cash Collateral Usage and Adequate Protection

**Resolved,** that, in order to use and obtain the benefits from the use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (the "Collateral"), which is security for the Prepetition Lenders, the Company will provide adequate protection to the Prepetition Lenders (the "Adequate Protection Obligations"), as documented in the a proposed interim order (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

**Resolved,** that the form, terms and provisions of the Cash Collateral Order to which the Company is or will be subject, and the actions and transactions contemplated be, and hereby are authorized, adopted and approved, and the Authorized Signatory of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Authorized Signatory, with such changes, additions and modifications thereto as the Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by his execution and delivery thereof.

**Resolved,** that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations (as set forth in the Cash Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions").

**Resolved,** that the Authorized Signatory be and is hereby authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in his discretion as determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral

Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Administrative Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document.

**Resolved**, that the Authorized Signatory be and is hereby authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**Resolved**, that the Authorized Signatory be and is hereby authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall in his sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

**Debtor-in-Possession Financing**

**Resolved**, that the Company, as debtor and debtor in possession under the Chapter 11 Case shall be, and hereby is, authorized to: (a) undertake any and all transactions contemplated in the Superpriority Senior Secured Debtor-in-Possession Revolving Credit Agreement (the "DIP Credit Agreement") by and among the Company, Falcon V Holdings, L.L.C. and Falcon V, L.L.C. as the Borrowers, 405 Baxterville LLC, as Administrative Agent, and the other lenders party thereto, on substantially the terms and subject to the conditions as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by the Authorized Signatory (and his designees and delegates); (b) borrow funds from, provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such lenders and on such terms as may be approved by the Authorized Signatory, as reasonably necessary for the continuing conduct of the affairs of the Company; (c) execute and deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and Financing Transactions; (d) finalize the DIP Credit Agreement and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Company; and (e) pay related fees and grant security interests in and liens upon some, any or all of the Company's assets, as may be deemed necessary in connection with such Financing Transactions.

**Resolved**, that the Authorized Signatory be and is hereby authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession,

to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and the other "Loan Documents" (as defined in the DIP Credit Agreement) (collectively, the "DIP Loan Documents"), and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging agreement and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral, letters of credit or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the other DIP Loan Documents and the Financing Transactions (collectively, the "DIP Financing Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as the Authorized Signatory shall in his judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents, which determination shall be conclusively evidenced by his execution or delivery thereof.

**Resolved,** that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents to which the Company is a party be, and the same hereby are in all respects approved, and that the Authorized Signatory or other officers of the Company are hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver and to execute and file the DIP Credit Agreement and each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Company, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

**Resolved,** that the Authorized Signatory be and is hereby authorized and empowered to authorize 405 Baxterville LLC, as administrative agent under the DIP Credit Agreement (the "DIP Agent") to file any UCC financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent on behalf of itself and the other secured parties under the DIP Loan Documents.

**Resolved,** that the Authorized Signatory be and is hereby authorized and empowered, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP Financing Documents, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in his sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his execution thereof.

**Resolved,** that the Company will obtain benefits from the incurrence of the loans and letters of credit under the DIP Credit Agreement and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the DIP Loan Documents and the transactions under the DIP Financing Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company.

### Retention of Professionals

**Resolved,** that the Authorized Signatory be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Company to employ the law firm of Kelly Hart Pitre to render legal services to, and to represent the Company in connection with any and all aspects of the Chapter 11 Case and any other related matters in connection therewith, on such terms and conditions as the Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved,** that the Authorized Signatory be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Company to employ KPMG LLP as tax consultants for the Company in the Chapter 11 Case, on such terms and conditions as the Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved,** that the Authorized Signatory be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Company to employ the firm of Lefoldt & Company, P.A. as restructuring advisor to, among other things, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, on such terms and conditions as the Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved,** that the Authorized Signatory be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Company to employ the firm of Seaport Global Securities LLC., as financial advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, on such terms and conditions as the Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**Resolved,** that the Authorized Signatory be and is hereby authorized, empowered and directed for, on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, consultants, and other professionals to assist in the Chapter 11 Case on such terms and conditions as the Authorized Signatory shall approve including, without limitation, fee structure and amount, retainer, cost reimbursement, subject to any requisite Bankruptcy Court approval.

**General Resolutions In Addition To**

**Resolved,** that in connection with the filing of the Chapter 11 Case by the Company, the Authorized Signatory be and is hereby authorized, empowered and directed for, and on behalf of, and in the name of, the Company to negotiate, execute, and deliver a debtor-in-possession loan facility (including, in connection therewith, such notes, security agreements, mortgages, guaranties, and/or other agreements or instruments or amendments or modifications thereto as such Authorized Signatory considers appropriate) on the terms and conditions as the Authorized Signatory may consider necessary, proper, or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company; and with such security instruments containing such terms and conditions including, without limitation, a confession of judgment, waivers of appraisal and notice, consent to executory process and a *pact de non-aliendo*.

**Resolved,** that the Authorized Signatory be and is hereby authorized, empowered and directed to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications, or the like, for creditor or Court approval or approvals or rulings of governmental or regulatory authorities certificates or other documents, and to take such other actions, as in the judgment of the Authorized Signatory shall be necessary, proper, and desirable and to carry out or cause to be carried out and put into effect the purposes of these Resolutions, and the transactions contemplated by these Resolutions, their authority thereunto to be evidenced by the taking of such actions.

**Resolved,** that the Authorized Signatory be and is hereby authorized, empowered and directed to cause all fees, costs, and expenses related to the consummation of the transactions contemplated by these Resolutions, which the Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of these Resolutions, the payment of such fees, costs, and expenses being conclusive evidence of such authority.

**Resolved,** that the Authorized Signatory be and is hereby authorized, empowered and directed to execute and deliver any and all documents and instruments deemed necessary or appropriate by the Authorized Signatory, and to take any and all such further action, in the name of and on behalf of the Company, which the Authorized Signatory determines to be necessary or appropriate in order to effectuate the general intent of these Resolutions, the signature of the Authorized Signatory being conclusive evidence of such authority.

**Resolved,** that the Authorized Signatory be and is hereby authorized, empowered and directed for, and on behalf of, and in the name of, the Company to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in these Resolutions.

**Resolved,** that the Authorized Signatory be and is hereby authorized, empowered and directed to authorize any other person(s) to act on behalf of, and in the name of, the Company in the manner deemed necessary, proper, or desirable by the Authorized Signatory to carry out or

cause to be carried out and put into effect the purposes of these Resolutions, and the transactions contemplated by these Resolutions.

**Resolved,** that any and all actions heretofore or hereafter taken by the Authorized Signatory or any person(s) authorized or directed by the Authorized Signatory within the terms of, as contemplated by, and/or in furtherance of, these Resolutions, be and they are hereby ratified, confirmed, authorized, and approved as the act and deed of the Company.

**Resolved,** that the Authorized Signatory be and is hereby authorized and empowered to certify on behalf of the Company, as to all matters pertaining to the acts, transactions, or agreements, or the like, contemplated in any of these Resolutions.

[End of Text]

Dated: May ___10___, 2019

**SOLE MEMBER OF**
**FALCON V, L.L.C.**

FALCON V HOLDINGS, L.L.C.

_____
JAMES E. ORTH, Chief Executive Officer

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| IN RE: | CHAPTER 11 |
|---|---|
| FALCON V, L.L.C., | CASE NO. 19- (JOINTLY ADMINISTERED) |
| DEBTOR. | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Shares or Units Held |
|---|---|---|
| Falcon V Holdings, LLC | 400 Poydras Street Suite 1100 New Orleans, Louisiana 70130 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

Page **1** of **1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **FALCON V, L.L.C.,** | **CASE NO. 19-** |
| **DEBTOR.** | **(JOINTLY ADMINISTERED)** |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| **Shareholder** | **Percentage of Shares or Units Held** |
|---|---|
| Falcon V Holdings, L.L.C. | 100% |