**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| FALCON V, L.L.C., *et al.*,[1] | CASE NO. 19-10547 |
| DEBTORS. | (JOINT ADMINISTRATION REQUESTED) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING PAYMENT OF COMPENSATION TO CURRENT AND FORMER SPECIFIED INSIDERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") move this Court for the entry of an order authorizing the payment of compensation to certain current and former insiders of the Debtors specified herein. In support, the Debtors represent as follows:

**JURISDICTION; VENUE; LOCAL BANKRUPTCY RULE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Procedurally, this matter is governed by Local Rule 2081-1(b).

**BACKGROUND**

2. The Debtors, affiliates of one another (i) engage in the exploration, development, production and acquisition of oil and natural gas properties located onshore Louisiana and hold legal title to Louisiana onshore oil and gas leases (Falcon V, L.L.C.), (ii) provide operator

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Falcon V, L.L.C. (1725); Falcon V Holdings, L.L.C. (8542); and ORX Resources, L.L.C. (9032). The address of the Debtors is 400 Poydras Street, Suite 1100, New Orleans, Louisiana 70130.

1

services for the oil and gas properties and act as the designated operator (ORX Resources, L.L.C.), and (iii) own Falcon V, L.L.C. and ORX Resources, L.L.C. (Falcon V Holdings, L.L.C.).

3. Falcon V, L.L.C. ("Falcon") is an independent energy company primarily engaged in all aspects of the upstream oil and gas operations, including exploration, development and production. Falcon is a wholly-owned subsidiary of Falcon V Holdings, L.L.C ("Holdings"). Falcon holds legal title to the oil and gas properties and is party to a contract operator agreement with ORX Resources, L.L.C ("ORX"). Under the terms of the agreement, ORX serves as the operator of record for the leases and performs certain operator services related to the oil and gas leases in exchange for a management fee of $300,000 per month. ORX is a wholly-owned subsidiary of ORX Exploration, Inc., a non-debtor related entity.

4. On this date (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. An official committee of unsecured creditors has yet to be appointed in these Chapter 11 cases. Further, no trustee or examiner has been requested or appointed in any of these Chapter 11 cases.

6. In support of this motion (the "Motion"), the Debtors rely on the *Declaration of James E. Orth, President & Chief Executive Officer, In Support of the Chapter 11 Petitions and First-Day Motions* (the "Declaration")[2] filed contemporaneously with this Motion.

---

[2] Capitalized terms used herein and not defined have the meaning set forth in the Declaration.

**INSIDERS SUBJECT OF THIS APPLICATION; SERVICES RENDERED; COMPENSATION**

7. The following individuals are the Debtors' insiders[3] subject of this Application:

   a) James Orth is the President and Chief Executive Officer of the Debtors.

   b) Marc Jarvis is Executive Vice President of Exploration and Production.

   c) J. Luis Baños III is Vice President of Finance for ORX and his father, Luis Baños, Jr. is an equity holder of one of the Debtors (less than 0.3%). Luis Baños, Jr. is not a control person or an affiliate on the basis of his small equity percentage and J. Luis Baños III is not a real corporate officer. J. Luis Baños III has been included as a salaried "Employee" of ORX within the Wage Motion filed herewith; however, the Debtors include a request for compensation of J. Luis Baños III as an insider out of an abundance of caution.

   d) Luis Baños, Jr. is the former President and CEO of the Debtors. Luis Baños, Jr. resigned from his position with the Debtors prepetition and has agreed to remain as a consultant for the Debtors during the restructuring process.[4]

The Debtors' insiders listed in this Paragraph 5(a) – (d), inclusive, are collectively referred to as the "Specified Insiders."

8. The Specified Insiders render services in favor of the Debtors which include, without limitation, management of the operations and assets, oversight of the administrative procedures, preparation of budgets, forecasting, and related financials, and general maintenance of the operations.

9. In connection with the Debtors restructuring, the Specified Insiders agreed to take reduction in their salaries with the highest paid insider taking an approximately 50% reduction of their pre-petition salaries. Despite the significant efforts of the Specified Insiders to restructure the Debtors' secured indebtedness, management determined that a bankruptcy reorganization

---

[3] As defined in Section 101(31)(B).
[4] While Luis Banos, Jr. is no longer an insider, he is added here because he has been the Chairman and CEO of the Debtors and the Debtors determined that for the most transparency, he should be added to this Motion.

3

was in the best interest of the Debtors and was supported by the Debtors' lender. The Specified Insiders have committed to guide the Debtors through this reorganization process and the Debtors' lender supports current management. Although, J. Luis Baños, Jr. has resigned as Chairman and CEO of the Debtors, he agreed to remain as a consultant to the Debtors at a greatly reduced compensation (he received a $26,667 monthly salary and has agreed to a consulting agreement with the Debtors whereby he will bill at an hourly rate of $250/hour with total monthly compensation to be capped at $15,000 per month). The current Specified Insiders have increased their responsibilities because of (i) J. Luis Baños, Jr.'s reduced role and (ii) the loss of two key employees whose work will be to a certain extent absorbed by the Specified Insiders. Here, the Specified Insiders seek (with lender's consent) payment of salaries commensurate with their pre-petition salary payments made to such insiders prior to the agreed reduction with increases in their monthly salaries and consistent with their increased duties and responsibilities related to the restructuring. A comparison of the prepetition monthly salaries for the Specified Insiders and the salaries requested in this application are as follows:

| Specified Insider | Prepetition Compensation | Postpetition Compensation |
|---|---|---|
| James Orth | $25,000 | $31,250 |
| Marc Jarvis | $20,833 | $27,083 |
| J. Luis Baños III | $11,667 | $16,667 |
| J. Luis Baños, Jr. | $26,667 | $250/hour up to $15,000[5] |

10. The Specified Insiders also received certain pre-petition fringe benefits, including, but not limited to, medical, dental, prescription drug, vision, life insurance, and related benefits (average monthly premiums paid by the Debtors is $6,750), participation in the Debtors' 401(k) Plan (total monthly contributions paid by the Debtors for the Specified Insider is $4,050), and

---

[5] J. Luis Baños, Jr. has executed a Consulting Agreement with ORX (attached hereto as **Exhibit B**) that provides for the scope of services to be provided by Mr. Baños. The Consulting Agreement also provides that Mr. Baños will bill at an hourly rate for his services and his monthly billing will be capped at $15,000 per month.

reimbursement for expenses incurred in the Debtors' name in the ordinary course of business of up to $7,000 per month for each Specified Insider (collectively, the "Fringe Benefits").

11. In the six months prior to the Petition Date, the Specified Insiders received compensation, benefits and other payments as follows:

| Specified Insider | Salary Received | Fringe Benefits Received |
|---|---|---|
| James Orth | $118,006 | $14,788 |
| Marc Jarvis | $98,339 | $19,142 |
| J. Luis Baños III | $70,141 | $15,881 |
| J. Luis Baños, Jr. | $125,873 | $18,254 |

### RELIEF SOUGHT

12. The Debtors request authority to make post-petition payments to the Specified Insiders, commensurate with pre-petition payments, as follows: (i) their monthly salaries and (ii) the Fringe Benefits.

13. The roles played by the Specified Insiders are vital to ongoing business operations considering the nature of the work performed by the Specified Insiders and their respective managerial positions. The Specified Insiders have extensive experience in the oil and gas industry and such experience is instrumental in the continued success of the business enterprise. The Specified Insiders continued participation in these bankruptcy cases is necessary and integral to the reorganization process. Specifically, it would be impossible for the Debtors to operate without the management and other services provided by the Specified Insiders as evidenced by the positions they hold. Additionally, the Debtors' secured lender recognizes managements' role in this reorganization and has agreed to the requested compensation, which is reflected in the Debtors' cash collateral budget.

14. It is reasonable that the Specified Insiders continue to be compensated for their service and expertise consistent with the Debtors' pre-petition practices. Importantly, the

compensation requested herein is commensurate with the pre-petition compensation paid to the Specified Insiders and as approved by the Debtors' lender.

15. The Debtors submit that the salary payments to the Specified Insiders requested herein are reasonable and fairly compensate the Specified Insiders for the necessary services rendered and to be rendered to the Debtors.

16. Additionally, the compensation sought herein is consistent with and accounted for in the budget attached to the *Emergency Motion for an Order (i) Authorizing the Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 364(C) And 364(D), (ii) Authorizing the Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363(C); (iii) Granting Adequate Protection Pursuant to 11 U.S.C. § 361; and (iv) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c)* filed herewith.

## DECLARATIONS

17. Pursuant to Local Rule 2081-1(b), the Debtors have the right to seek Court authorization to pay compensation from the assets of the estate to an insider, with such application supported by sworn disclosure of all previous compensation for services rendered. Furthermore, the Court may authorize compensation for an insider under circumstances considered reasonable.

18. The sworn disclosures of each of the Specified Insiders are attached hereto and made a part hereof and identified herein, in Exhibits B – E. The compensation requested by the Specified Insiders is fair and reflective of the services provided to the Debtors as attested to by the Specified Insiders in their declarations. For these reasons, the Debtors submit that the requested compensation is reasonable.

## NOTICE

19. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Middle District of Louisiana; (b) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (c) both Hunton Andrews Kurth LLP, counsel to 405 Baxterville LLC, the Debtors' Prepetition Agent and DIP Agent, and to 405 Baxterville LLC; (d) the Internal Revenue Service; (e) parties that have filed a lien on the Debtors' assets and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service. Debtors submit that no other or further notice need be provided.

## NO PREVIOUS REQUEST

20. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtors pray for an interim order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to make post-petition payments to the Specified Insiders, commensurate with pre-petition payments and as agreed by the Debtors' secured lender, as follows: (i) their monthly salaries and (ii) the Fringe Benefits, and for such other just, legal, general, and/or equitable relief as this Court deems proper.

Dated: May 10, 2019.

    Respectfully submitted,

    **KELLY HART & PITRE**

    */s/ Louis M. Phillips*
    **Louis M. Phillips (#10505)**
    **Patrick (Rick) M. Shelby (#31963)**
    **Amelia L. Bueche (#36817)**
    One American Place
    301 Main Street, Suite 1600

Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Email: rick.shelby@kellyhart.com
Email: amelia.bueche@kellyhart.com

*Proposed Counsel for the Debtors*