# **EXHIBIT C**

Disclosure of Compensation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| FALCON V, L.L.C., *et al.*,[1] | CASE NO. 19- (JOINTLY ADMINISTERED) |
| DEBTORS. | |

## DISCLOSURE OF COMPENSATION

Pursuant to section 329(a) of the Bankruptcy Code, Rule 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 of the Local Bankruptcy Rules for the Middle District of Louisiana (the "Local Rules"), I, Louis M. Phillips, hereby certifies as follows:

1. I am older than 21 years of age and suffer no legal disability. I am competent to make this declaration.

2. I am a member and an authorized representative of the law firm of Kelly Hart & Hallman, LLP and Kelly Hart Pitre (collectively, "Kelly Hart").

3. I make this declaration in support of the Debtors' *Emergency Application for Retention and Employment of Kelly Hart Pitre as Counsel for the Debtors, Nunc Pro Tunc to the Petition Date* (the "Application").[2]

4. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify thereto.

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Falcon V, L.L.C. (1725); Falcon V Holdings, L.L.C. (8542); and ORX Resources, L.L.C. (9032). The address of the Debtors is 400 Poydras Street, Suite 1100, New Orleans, Louisiana 70130.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Debtors' Application to Employ Kelly Hart as Counsel for the Debtors

1

5.      Since being retained by the Debtors in late February 2019, Kelly Hart has submitted invoices in accordance with the letter of engagement. Prior to the filing of the bankruptcy cases, Kelly Hart received a retainer in the amount of $150,000 ("Retainer"), via a direct wire transfer from the agent for the senior secured lenders and the senior secured lender, 405 Baxterville ("Lender").  This Retainer consisted of cash collateral of the Lender, and was specifically earmarked for Kelly Hart. Such payments in the ordinary course have almost exclusively, if not exclusively, included payments for bankruptcy and restructuring related advice and services provided to the Debtors. In the one year period preceding the Petition Date, Kelly Hart received payments from the Debtors totaling $150,000 in actual fees and expenses. Despite a retention start date of on or about February 20, 2019, Kelly hart was not paid for work done during February and March, and has effectively waived its claim for payment for work done during those months.  The amount paid represents a reduction or discount of approximately 20% or more of the amount that could have been charged for the work performed.[3]

6.      To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Kelly Hart, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code.  Kelly Hart has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Kelly Harts' partners.

Dated:  May 10, 2019

---

[3]    The breakdown of prepetition payments by invoice and amount is contained in Schedule 1, Exhibit D—the Phillips Declaration—in support of the Application.

2

*/s/ Louis M. Phillips*
Louis M. Phillips (#10505)