## **EXHIBIT D**

Phillips Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:<br><br>FALCON V, L.L.C., *et al.*,[1]<br><br>　　　DEBTORS. | CHAPTER 11<br><br>CASE NO. 19-<br>(JOINTLY ADMINISTERED) |

**DECLARATION OF LOUIS M. PHILLIPS IN SUPPORT OF
THE EMERGENCY APPLICATION FOR RETENTION AND EMPLOYMENT
OF KELLY HART & PITRE AS COUNSEL FOR THE DEBTORS,
*NUNC PRO TUNC* TO THE PETITION DATE**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, and in accordance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expense Filed Under United State Code by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, issued by the Executive Office of the United States Trustees (the "U.S. Trustee Guidelines"), I, Louis M. Phillips, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

1.　　I am a member and an authorized representative of the law firm of Kelly Hart & Hallman, LLP (which utilizes in Louisiana the trade name Kelly Hart & Pitre) ("Kelly Hart") in the firm's Baton Rouge office, located at One American Place, 301 Main Street, Suite 1600, Baton Rouge, LA 70801-1916.  Falcon V, L.L.C.; Falcon V Holdings, L.L.C.; and ORX Resources, L.L.C. (the "Debtors") have requested that Kelly Hart represent them in the captioned chapter 11 bankruptcy case (the "Case") filed on May 10, 2019 (the "Petition Date").  I am an attorney at law; member in good standing of the Bar of the State of Louisiana; and admitted to

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Falcon V, L.L.C. (1725); Falcon V Holdings, L.L.C. (8542); and ORX Resources, L.L.C. (9032).  The address of the Debtors is 400 Poydras Street, Suite 1100, New Orleans, Louisiana 70130.

1

practice before this Court.

2. I make this declaration in support of the Debtors' *Emergency Application for Retention and Employment of Kelly Hart & Pitre as Counsel for the Debtors, Nunc Pro Tunc to the Petition Date* (the "<u>Application</u>").[2] I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify thereto. To the extent that any information disclosed herein requires amendment or modification upon Kelly Hart's completion of further analysis or as additional information becomes available to Kelly Hart, a supplemental declaration will be submitted to the Court reflecting same.

### Kelly Hart's Qualifications

3. Kelly Hart is well qualified to serve as the Debtors' counsel in these chapter 11 cases. The Debtors seek to retain Kelly Hart because, among other reasons, Kelly Hart has extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code, Kelly Hart has extensive experience and knowledge in handling corporate, debt restructuring, and other transactions for companies in the oil and gas industry; and Kelly Hart is familiar with the Debtors' business and financial affairs and has provided services to the Debtors since February 20, 2019 in connection with their restructuring effort and certain related matters. Kelly Hart's professionals have worked closely with the Debtors' management and other professionals and, as a result, have become well acquainted with the Debtors' history, business operations, capital, and corporate structure, and related matters. Accordingly, I believe that Kelly Hart is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Debtors' Application to Employ Kelly Hart as Counsel for the Debtors

### **Services to be Provided**

4.  The Debtors have requested that Kelly Hart render, to the extent necessary, the following legal services in connection with these chapter 11 cases:

   a.  Advising the Debtors with respect to their rights, powers, and duties as debtors and debtors-in-possession in the continued operation and management of their business and property;

   b.  Preparing and pursuing a confirmation of a plan of reorganization and approval of a disclosure statement;

   c.  Working on behalf of the Debtors regarding all necessary applications, motions, answers, proposed orders, other pleadings, notices, schedules and other documents, and reviewing all financial and other reports to be filed;

   d.  Advising the Debtors concerning and preparing responses to applications, motions, pleadings, notices, and other documents which may be filed by other parties herein;

   e.  Appearing in court on behalf of and to protect the rights and interests of the Debtors;

   f.  Representing the Debtors in connection with obtaining use of cash collateral and post-petition financing;

   g.  Advising the Debtors concerning and assisting in the negotiation and documentation of financing agreements, cash collateral orders, and related transactions;

   h.  Investigating the nature and validity of liens asserted against the property of the Debtors, and advising the Debtors concerning the enforceability of said liens;

   i.  Investigating and advising the Debtors concerning, and taking such action as may be necessary to collect, income and assets in accordance with applicable law, and the recovery of property for the benefit of the Debtors' estates;

   j.  Advising and assisting the Debtors in connection with any potential property dispositions;

   k.  Advising the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections and lease restructuring, and characterizations of property interests;

l. Assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates, except where expressly limited;

m. Commencing, continuing and conducting litigation (except where the Debtors have retained and will maintain other counsel (with such counsel to be employed by the Debtors through Court approvals)) necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' estates or otherwise further the goal of completing the Debtors' successful reorganization, including litigation existing pre-petition and as may be consolidated with Kelly Hart for efficiency of representation;

n. Providing the Debtors representation regarding oil and gas law and regulatory law issues concerning leases, working interests, operating agreements, bonding requirements, royalty obligations, and regulatory compliance;

o. Providing representation on general corporate and governance matters related to the proposed reorganization and/or restructuring of the Debtors;

p. Providing documentation, as appropriate or necessary, for corporate and tax matters, of corporate and tax analyses, opinions, recommendations, conclusions and correspondence for any proposed restructuring alternative, bankruptcy corporate and tax issues, or other corporate and tax matters described above; and

q. Performing other legal services for the Debtors which may be necessary and proper in chapter 11 cases.

**Compensation and Fee Applications**

5. Kelly Hart intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Kelly Hart will also make a reasonable effort to comply with the U.S. Trustee Guidelines. Kelly Hart understands that interim and final fee awards are subject to approval by this Court.

6. The hourly rates and corresponding rate structure Kelly Hart will use in these chapter 11 cases are the same as, similar to, or less than the hourly rates and corresponding rate structure that Kelly Hart uses in other debtor restructuring matters and in many corporate,

4

securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These hourly rates and the rate structure reflect that such restructuring and other complex matters typically are, *inter alia*, national in scope and involve great complexity, high stakes, and severe time pressures.

7. Kelly Hart's current hourly rates for matters related to chapter 11 cases are as follows:

| Position | Hourly Rates |
|---|---|
| Partners | $400-$600 |
| Senior Counsel | $325-$450 |
| Associates | $200-$400 |
| Paraprofessionals | $100-$200 |

8. Kelly Hart suggests that its hourly rates are comparable or lower than those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to these chapter 11 cases. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

### Kelly Hart's Prepetition Compensation

9. Kelly Hart represented the Debtors in connection with their restructuring during the approximately two and two thirds' (2 2/3) month period before the Petition Date (commencing on or about February 20, 2019), using the hourly rates described in this Declaration. The Debtors paid Kelly Hart a total of 150,000 prior to the filing of these Bankruptcy Cases for restructuring work leading to the filing of these bankruptcy cases. The

5

amounts paid are set forth in **Schedule 1** attached hereto.  Of note, because of cash constraints, Kelly Hart has in effect waived any fees for which it could have been paid during the months of February and March, 2019.

10. Kelly Hart has expended and will expend additional time and incur additional expenses in the prepetition work directly related to the filing of these bankruptcy cases during May 10, 2019 (the fees and expenses paid ran through May 9, 2019). The fees are for work performed on the day of filing the petitions (May 10, 2019) and should not total more $20,000. The unbilled expenses incurred by Kelly Hart prior to the Petition Date will include $5,151.00 in filing fees, or $1,717 for each chapter 11 case).  These amounts will be included in Kelly Hart's fee and expense submissions and in its fee and expense application before this Court, and will be separately identified as prepetition fees and expenses relating purely to the final preparation of and for filing and the payment of expenses (including filing fees) directly related thereto.[3]

11. Pursuant to Bankruptcy Rule 2016(b), Kelly Hart has not shared nor agreed to share (a) any compensation it has received or may receive from the Debtors with another party or person, other than with Kelly Hart's professionals or (b) any compensation another person or party has received or may receive.

---

[3]   Kelly Hart submits that payment of the prepetition fees and expenses owed by the Debtors in this manner is proper and supported by the case law.  *See, e.g.*, *In re Talsma*, 436 B.R. 908, 912 (Bankr. N.D. Tex. 2010) (holding that chapter 11 debtors-in-possession may employ professionals holding prepetition claims against debtor, if those claims arose as result of prepetition professional work for debtor); *In re SBMC Healthcare, LLC*, 473 B.R. 871, 878 (Bankr. S.D. Tex. 2012) (finding that an attorney's monetary claim for prepetition work is not a ground for automatic disqualification from representing the estate);  *In re Premiere Enterprises of Whiteville ,LLC*, Case No. 13-04639-8 (Bankr. E.D. N.C. November 4, 2013) (approving the employment of debtor's attorney and payment of prepetition attorneys' fees that are relatively modest and traceable temporally to a short period of time before filing and confined to activities surrounding preparation of the petition and accompanying papers); *In re TP, Inc.*, Case No. 10-01594, 2010 WL 1533369 (Bankr. E.D. N.C. April 15, 2010) (finding that a pre-petition claim for professional fees is not required to be waived if the services at issue are rendered in contemplation of the chapter 11 filing); *In re Watson*, 94 B.R. 111, 114 (Bankr. S.D. Ohio 1988) (preliminary work undertaken to facilitate an upcoming bankruptcy filing does not serve to disqualify an otherwise eligible attorney from employment under section 327 of the Bankruptcy Code).  This is especially true when payments made have been from a retainer directly funded by a wire transfer from the senior secured lender with earmarked cash collateral of the senior secured lender (with approval of the Debtors).

**Disclosure Concerning Disinterestedness**

12. Kelly Hart and the Debtors identified individuals and institutions in the following categories: (a) the Debtors and its affiliates, (b) current directors, officers, and senior management; (c) partners; holders of other equity interests; or investors in the Debtors; (d) significant lenders to the Debtors; (e) parties to surety bonds with the Debtors; (f) governmental agencies which interact with the Debtors; (g) parties with whom the Debtors are involved in litigation; (h) insurance entities with whom the Debtors have contracts; (i) major vendors of the Debtors; (j) landlords of the Debtors; (k) the Office of the United States Trustee; and (l) and bankruptcy judges in the Southern District of Texas (the "<u>Interested Parties</u>").[4]

13. Kelly Hart used its standard firm procedures (the "<u>Firm Procedures</u>") to investigate its relationships to the Interested Parties. To the extent any possible conflicts were identified, I contacted (as necessary) attorneys at Kelly Hart who indicated having a previous or current connection to any of the Interested Parties. From these attorneys, I obtained information and guidance with regard to the particular connections reflected.

14. To the best of my knowledge, information, and belief, Kelly Hart and I have no connections with the Debtors, creditors, any other party-in-interest, their respective accountants and attorneys, the United States Trustee, or any other person in the office of the United States Trustee, except as set forth below and in **Schedule 3** attached hereto:

    a. As described herein, Kelly Hart has undertaken a detailed search to identify Interested Parties. Nonetheless, Kelly Hart may have previously represented, currently represent, and in the future represent entities that are claimants in these chapter 11 cases; however, Kelly Hart's representation of those entities is unrelated to the Debtors and Kelly Hart will not represent any claimant in connection with these chapter 11 cases.

---

[4] A schedule of Interested Parties is attached hereto as **Schedule 2**.

    b.        Each of the entities and individuals identified on Schedule 3 (and any affiliates thereof) for whom Kelly Hart has performed services accounted for 1% or less of Kelly Hart's revenues for the firm's fiscal years ending January 31, 2018 and January 31, 2017.

15.        Based on the conflicts search conducted through the Firm Procedures to date and described in this Declaration, to the best of my knowledge, neither I, Kelly Hart, nor any Kelly Hart attorney, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the Office of the U.S. Trustee, any person employed in the Office of the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of Texas, except as disclosed or otherwise described in this Declaration.

### Kelly Hart is a Disinterested Person

16.        To the best of my knowledge, and based on the foregoing, (a) Kelly Hart is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and (b) Kelly Hart has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in this Declaration.

17.        Kelly Hart will use reasonable efforts to see that no conflicts or other disqualifying circumstances exist or arise during the pendency of these chapter 11 cases. If any new material facts or relationships are discovered or arise, Kelly Hart will use reasonable efforts to identify them and will promptly file a supplemental declaration, as required by Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

Dated: May 10, 2019

                                                                */s/ Louis M. Phillips*
                                                                 Louis M. Phillips (#10505)

One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com

***Proposed Counsel for the Debtors***

## SCHEDULE 1

PREPETITION COMPENSATION AND REIMBURSEMENT PAID

| Invoice # | Payment Date | Fees | Costs | Total |
|---|---|---|---|---|
| 536498 | May 10, 2019 | $149,929.99 | $70.01 | $150,000.00 |
| **Total** | | **$149,929.99** | **$70.01** | **$150,000.00** |

**SCHEDULE 2**

INTERESTED PARTIES

**A. THE DEBTORS AND ITS AFFILIATES**
1. FALCON V, L.L.C.
2. FALCON V HOLDINGS, L.L.C.
3. ORX RESOURCES, L.L.C.
4. ORX, L.L.C.
5. ONLINE RESOURCES, L.L.C.
6. ORX EXPLORATION, INC.

**B. CURRENT DIRECTORS, OFFICERS, AND SENIOR MANAGEMENT**
1. J. LUIS BAÑOS, JR.
2. JAMES E. ORTH
3. MARC W. JARVIS
4. SUSAN PEEBLER
5. MARY HOOD
6. PETER LEIDEL
7. ROB ARNOTT
8. JAMES PAINTER
9. LUIS CASTRO

**C. PARTNERS; HOLDERS OF OTHER EQUITY INTERESTS; OR INVESTORS IN THE DEBTORS**
1. YORKTOWN ENERGY PARTNERS XI, L.P.
2. LEXINGTON CO-INVESTMENT PARTNERS ENERGY, L.P.

**D. SIGNIFICANT LENDERS TO THE DEBTORS**
1. 405 BAXTERVILLE LLC
2. ANGELO, GORDON ENERGY SERVICER LTD.

**E. PARTIES TO SURETY BONDS WITH THE DEBTORS**
1. LA OFFICE OF CONSERVATION

**F. GOVERNMENTAL AGENCIES WHICH INTERACT WITH THE DEBTORS**
1. DELAWARE STATE ATTORNEYS GENERAL
2. DEPARTMENT OF LABOR
3. ENVIRONMENTAL PROTECTION AGENCY
4. INTERNAL REVENUE SERVICE
5. LOUISIANA STATE ATTORNEYS GENERAL
6. U.S. EQUAL EMPLOYMENT AND OPPORTUNITY COMMISSION
7. OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION (OSHA)
8. LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY
9. LOUISIANA DEPARTMENT OF NATURAL RESOURCES

**G. PARTIES WITH WHOM THE DEBTORS ARE INVOLVED IN LITIGATION**
1.

**H. INSURANCE ENTITIES WITH WHOM THE DEBTORS HAVE CONTRACTS**
1.

**I. MAJOR VENDORS OF THE DEBTORS**
1.

**J. LANDLORDS OF THE DEBTORS**
1.

**K. THE U.S. TRUSTEES OFFICE**
1.

**L. BANKRUPTCY JUDGES IN THE MIDDLE DISTRICT OF LOUISIANA**
1.     DOUGLAS D. DODD

# SCHEDULE 3

KELLY HART CONNECTIONS TO INTERESTED PARTIES

a. ANGELO, GORDON ENERGY SERVICER LTD.

Kelly Hart has represented Angelo, Gordon Energy Servicer Ltd. ("Angelo Gordon") in matters unrelated to these chapter 11 cases (co-counsel with Vinson and Elkins in the cases within the Western District of Louisiana - 17-50705 (Rooster). Angelo Gordon is the Debtors prior secured lender and holds an unsecured claim for approximately $3,000,000, generated upon the refinancing of the Angelo Gordon secured indebtedness during 201_ though "make whole payment" or prepayment penalty. Kelly Hart has not represented Angelo Gordon in connection with these Debtors and will not represent Angelo Gordon in matters relating to these chapter 11 cases. Kelly Hart has not been in a position to obtain confidential information from Angelo Gordon that relates to either the claims of Angelo Gordon from its unrelated representation of Angelo Gordon. Out of an abundance of caution Kelly Hart obtained a waiver from both Angelo Gordon and the Debtors.

b. AFFILIATED DEBTORS

The Debtors in these cases are affiliated entities. Additionally, the Debtors ORX Resources, L.L.C. ("ORX") and Falcon V, L.L.C. ("Falcon") are parties to a Contract Operating Agreement whereby ORX serves as operator of the oil and gas properties owned by Falcon. Flacon V Holdings is the owner of Falcon. Kelly Hart is representing all Debtors in these cases. As to individual matters which any one or more of the Debtors' interests are inconsistent, Kelly Hart submits that it will not represent any Debtor whose interest conflicts with the bulk of the other Debtors. The interests of the Debtors are predominately identical. Significantly, the Debtors are all co-borrowers under cross-collateralized loans and their business interests are extensively interdependent. Kelly Hart believes with some possible exceptions not known to Kelly Hart, that its joint representation of the multiple Debtors in connection with their respective bankruptcies would not have any adverse effect on Kelly Hart's ability to adequately represent all of the Debtors. Also, under the current version of a plan of reorganization, and because the current secured lenders are funding the chapter 11 process and stand to become the owners of the reorganized debtors, any prepetition intercompany claims of the Debtors will be extinguished as among the Debtors under the plan, if confirmed.