IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| FALCON V, L.L.C., *et al.*,[1] | CASE NO. 19-10547 |
| DEBTORS. | JOINTLY ADMINISTERED |

**REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO EMERGENCY MOTION REGARDING CHAPTER 11 FIRST DAY MOTIONS REQUESTING JOINT ADMINISTRATION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this Reply to the *United States Trustee's Objection to Emergency Motion Regarding Chapter 11 First Day Motions Requesting Joint Administration* (the "Objection") [P-112] and respectfully represent as follows:

1. On May 10, 2019, voluntary petitions for relief pursuant to Chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") were filed on behalf of Falcon V, L.L.C. ("Falcon"), and ORX Resources, L.L.C. ("ORX"). On May 14, 2019, the Debtors filed Emergency Motions for Joint Administration of the Falcon [Case No. 19-10547, P-51] and ORX [Case No. 19-10548, P-5] cases.

2. During the first day hearing held on May 14, 2019, counsel for the Debtors received the consents to file the Falcon V Holdings, LLC ("Holdings") case. Immediately following the hearing, a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code was filed on behalf of Holdings commencing Case No. 19-10561. The Debtors

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Falcon V, L.L.C. (1725) and ORX Resources, L.L.C. (9032). The address of the Debtors is 400 Poydras Street, Suite 1100, New Orleans, Louisiana 70130.

1

subsequently filed an Amended Motion for Joint Administration of the Falcon [Case No. 19-10547, P-55], ORX [Case No. 19-10548, P-7] and Holdings [Case No. 19-10561, P-5] cases.

3. On May 14, 2019, this Court entered an order approving joint administration of the Falcon [Case No. 19-10547, P-57], ORX [Case No. 19-10548, P-9] and Holdings [Case No. 19-10561, P-7] cases (collectively, the "Joint Administration Order"). The Joint Administration Order is a final order and did not set a final hearing.

4. On May 22, 2019, the United States Trustee ("UST") filed the Objection. The Objection argues that the proposed caption for the jointly administered cases neither conforms with the local rules nor provides that separate schedules, statements and monthly operating reports be filed in each case.

5. The Objection is improper and should be overruled because (1) the Joint Administration order is a final order only subject to appeal and (2) including a requirement that separate schedules, statements and monthly operating reports be filed in each case is unnecessary because the Debtors are already aware that separate schedules, statements and reports will be filed in these cases.

6. The Joint Administration Order is a final order (not an interim order) and makes no reference to a final hearing. As such, the Objection is improper and this Court cannot grant the relief the UST seeks by such objection. If the UST believes the Joint Administration Order was entered in error or otherwise does not conform with the local rules of this Court, the proper procedure for the UST is to file an appeal under Federal Rule of Bankruptcy Procedure 8002 or seek reconsideration. The UST has done neither. Instead, the UST seeks to waste this Court's and the Debtors' time and resources by submitting a procedurally improper objection to a final order. For this reason alone, the Objection should be overruled.

7.  But even if the UST were to have appealed or moved for reconsideration of the Joint Administration Order, the Objection is baseless.  The Joint Administration Order does conform with Local Rule 1015-1(c), which states that filings in "jointly administered and substantively consolidated cases shall include the names and docket numbers of all the affected cases, **unless the court orders otherwise**."  Here, the Court has ordered otherwise and approved the proposed caption now being used by the Debtors (and the UST in its filings).  The caption proposed by the Debtors and approved by the Court is a standard form of caption, which has been approved by other bankruptcy courts within the Fifth Circuit.  The UST provides no basis for suggesting that the caption is improper, other than suggesting that the caption does not conform with local rules, which is incorrect.

8.  Additionally, the Debtors have not moved for substantive consolidation of these bankruptcy cases.  As such, the Debtors are well aware that under the bankruptcy rules and operating guidelines, schedules, statements, and monthly operating reports are to be filed in each case and the Debtors have made no such request to do otherwise.  For this reason, including the UST's proposed language in the Joint Administration Order (which at this point is a final order and cannot be altered) is unnecessary.  The Debtors have been and will continue to comply with the bankruptcy filing requirements for each case.

**WHEREFORE**, the Debtors respectfully request that the Objection be overruled.

Dated: May 28, 2019.

        Respectfully submitted,

        **KELLY HART PITRE**

        */s/ Louis M. Phillips*
        **Louis M. Phillips (#10505)**
        **Patrick (Rick) M. Shelby (#31963)**
        **Amelia L. Bueche (#36817)**

One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: louis.phillips@kellyhart.com
Email: rick.shelby@kellyhart.com
Email: amelia.bueche@kellyhart.com

*Counsel for the Debtors*