UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § | Case No. 19-10547 |
| | § | |
| FALCON V, LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

**EX PARTE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY HELLER, DRAPER, PATRICK, HORN & MANTHEY, LLC, AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MAY 24, 2019**

The Official Committee of Unsecured Creditors (the "Committee") of Falcon V, LLC ("Falcon V") hereby submits this application (the "Application") for entry of an order authorizing the retention and employment of Heller, Draper, Patrick, Horn & Manthey, LLC, ("Heller Draper") as its counsel, *nunc pro tunc* to May 24, 2019. The Application is made and based upon the authorities provided herein, and the *Declaration of William H. Patrick, III in Support of the Application to Retain and Employ Heller, Draper, Patrick, Horn & Manthey, L.L.C. as Counsel to the Unsecured Creditors' Committee Nunc Pro Tunc to May 24, 2019* (the "Patrick Declaration"), attached hereto as Exhibit "1." In support of the Application, the Committee respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding and the Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Falcon V, L.L.C. (1725); Falcon V Holdings, L.L.C. (8542); and ORX Resources, L.L.C. (9032). The address of the Debtors is 400 Poydras Street, Suite 1100, New Orleans, Louisiana 70130.

{00368386-2}

2.      The statutory bases for the relief sought are §§ 328 and 1103 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure and Bankr. Local Rule 2014-1.

## BACKGROUND

3.      On May 10, 2019, Falcon V and ORX Resources, LLC filed petitions for relief under Chapter 11 of the Bankruptcy Code. On May 14, 2019, Falcon V Holdings, LLC (collectively with Falcon V and ORX Resources, LLC, the "Debtors") also filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

4.      On May 21, 2019, the United States Trustee for the Middle District of Louisiana (the "UST") notified the Court that it had appointed the Committee in the Falcon V case only in accordance with 11 U.S.C. § 1102. [Dkt. No. 105].

5.      On May 24, 2019, the UST filed a *Notice of Appointment of Reconstituted Unsecured Creditors' Committee* [Dkt. No. 125], notifying the Court of the reconstituted Committee of Falcon V which consists of the following members: (1) Angelo Gordon Energy Servicer, LLC; (2) Knight Oil Tools, LLC; (3) Catapult Explorations, LLC, (4) Power Torque Services, LLC, and (5) Total Pump & Supply, LLC. The Committee selected Knight Oil Tools, LLC as its chairman.

6.      On May 24, 2019, the Committee selected Heller Draper to serve as its bankruptcy counsel.

**RELIEF REQUESTED AND BASIS THEREFORE**

7. By this application, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Bankruptcy Local Rule 2014, the Committee requests entry of an order approving and authorizing the employment and retention of Heller Draper to serve as general bankruptcy counsel for the Committee, effective *nunc pro tunc* as of May 24, 2019, the date on which the Committee requested that Heller Draper commence work on its behalf.

8. The Committee selected Heller Draper because of the firm's experience in the field of bankruptcy and business reorganizations under Chapter 11 of the Bankruptcy Code. Heller Draper has experience in oil and gas bankruptcy cases. Heller Draper has represented debtors, various committees, and other parties-in-interest in cases of national significance across the country and the Committee believes it is well qualified to act as attorneys for the Committee.

9. The Committee requires knowledgeable counsel to render these professional services. As noted above, Heller Draper has substantial expertise in all of these areas. Accordingly, the Committee believes Heller Draper is well qualified to perform these services and represent the Committee's interest in these Chapter 11 cases. A statement concerning the qualifications of the relevant Heller Draper attorneys is attached hereto as Exhibit "2."

10. The Committee anticipates that Heller Draper will, in connection with these chapter 11 cases and subject to orders of this Court, provide a range of services to the Committee, including, but not limited to, the following:

    a.    advise the Committee in connection with its powers and duties under the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Local Rules;

    b.    assist and advise the Committee in its consultation with the Debtors relative to the administration of these cases;

    c.    attend meetings and negotiate with the representatives of the Debtors and other parties-in-interest;

    d.    assist and advise the Committee in its examination and analysis of the conduct of the Debtors' affairs;

    e.    assist and advise the Committee in connection with any sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code;

    f.    assist the Committee in the review, analysis and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be or have already been filed and assist the Committee in the review, analysis and negotiation of the disclosure statement accompanying any such plan(s);

    g.    assist the Committee in analyzing the claims asserted against and interests asserted in the Debtors, in negotiating with the holders of such claims and interests, and in bringing, participating in, or advising the Committee with respect to contested matters and adversary proceedings, including objections or estimation proceedings, with respect to such claims or interests;

    h.    assist with the Committee's review of the Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs and other financing reports prepared by the Debtors, and the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the historic and ongoing operation of their businesses;

    i.    assist the Committee in its analysis of, and negotiations with, the Debtors or any third party related to, among other things, cash collateral issues, financings, compromises of controversies, assumption or rejection of executory contracts and unexpired leases, and matters affecting the automatic stay;

    j.    take all necessary action to protect and preserve the interests of the Committee, including (i) possible prosecution of actions on its behalf; and (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved;

    k.    generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports, replies, responses and papers in support of positions taken by the Committee;

    l.    appear, as appropriate, before this Court, the appellate courts, and the United States Trustee, and protect the interests of the Committee before those courts and before the United States Trustee; and

    m.    perform all other necessary legal services in these cases.

11.    Heller Draper intends to work closely with the Debtors' representatives and the other professionals retained by the Committee to ensure that there is no unnecessary duplication

of services performed or charged to the Debtors' estates. To the extent the Committee seeks to retain additional professionals, Heller Draper will make all reasonable efforts not to unnecessary duplicate the services rendered by such additional professionals.

### **TERMS OF RETENTION**

12. Subject to this Court's approval and in accordance with §§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Orders and Rules of this Court, the Committee requests that Heller Draper be compensated on an hourly basis, and be reimbursed for the actual, necessary expenses it incurs. Heller Draper's hourly billing rates for bankruptcy work range from $395 to $545 for members, $225 to $325 for associates, and $150 for paralegals subject to change from time to time, and all subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. The rates for services to be rendered by the particular attorneys at Heller Draper are shown on Exhibit "3," which is attached hereto. In the event other attorneys are utilized, their rates will be charged at customary levels. Heller Draper respectfully submits that such rates are reasonable in light of the quality of the services being provided and the specialized nature of the services being provided. Additionally, Heller Draper's rates are consistent with the market. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. The Committee believes these rates are reasonable.

13. Heller Draper will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Committee in these chapter 11 cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile

transmissions, airfare, meals and lodging. Heller Draper will also seek in its reimbursement request the reasonable incidental expenses incurred by Committee members and their professionals in connection with their service on the Committee.

14. Heller Draper intends to maintain detailed, contemporaneous time records and to apply to the Court for the allowance of compensation for professional services and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any additional procedures that may be established by the Court in these chapter 11 cases. Heller Draper has agreed to accept as compensation such sums as may be allowed by the Court.

15. The Committee understands that Heller Draper hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the Petition Date. It is further contemplated that Heller Draper may seek interim compensation during these cases as permitted by Section 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and any further orders of this Court. Heller Draper understands that its compensation is subject to prior Court approval. Heller Draper will also make reasonable efforts to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* ("United States Trustee Guidelines"), which are applicable in large cases. The Committee's declaration (Declaration of Cole Griffin) as required by the United States Trustee Guidelines is attached hereto as Exhibit "4."

14. Heller Draper has not received a retainer in these cases. Additionally, there are no amounts due Heller Draper for prepetition services.

## DISINTERESTEDNESS OF PROFESSIONALS

16. As set forth in the accompanying Patrick Declaration (attached hereto as Exhibit "1"), Heller Draper has conducted a conflicts check against (a) the Debtors and its affiliates, (b) current directors, officers, and senior management; (c) partners; holders of other equity interests; or investors in the Debtors; (d) significant lenders to the Debtors; (e) parties to surety bonds with the Debtors; (f) governmental agencies which interact with the Debtors; (g) parties with whom the Debtors are involved in litigation; (h) insurance entities with whom the Debtors have contracts; (i) major vendors of the Debtors; (j) landlords of the Debtors; (k) the Office of the United States Trustee; and (l) and bankruptcy judges in the Middle District of Louisiana.

17. Except as set forth in the Patrick Declaration, this conflicts check did not reveal any connection with the Debtors, their creditors, the United States Trustee, or any other party in interest, or their respective attorneys or accountants. To the best of the Committee's knowledge and based upon the Patrick Declaration, Heller Draper is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

18. The Committee has been advised that Heller Draper is not aware of representing any other entity in connection with these cases, including the Debtors, its creditors, equity security holders, or any other parties in interest, or their respective attorneys and accountants, the United States Trustee for Region 5 or any person employed in the Office of the United States Trustee for Region 5 in any matter relating to the Debtors or their estates. Heller Draper will

supplement the Patrick Declaration if and when necessary to disclose any further relationships that require disclosure in these cases.

19.    On August 8, 2017, Knight Oil Tools, LLC ("KOT"), a member of the Committee, and its affiliates filed for bankruptcy relief in the United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division, Case No. 17-51014, jointly administered. KOT has emerged from chapter 11 relief and a final decree has been entered. Heller Draper represented KOT in its bankruptcy case as bankruptcy counsel and continues to represent KOT in small matters unrelated to the Debtors.

20.    On June 2, 2017, Heller Draper represented the Official Committee of Unsecured Creditors ("Rooster Committee") of Rooster Energy, LLC and its affiliates, which filed for bankruptcy relief in the United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division, Case No. 17-50705, jointly administered. The Rooster Committee has terminated along with Heller Draper's representation. Angelo Gordon Energy Servicer, LLC, a member of the Committee, was the largest secured creditor in the Rooster bankruptcy cases.

21.    Heller Draper represented the Unsecured Creditors Committee of PetroQuest Energy, Inc. and its affiliates (collectively, "PetroQuest"), which filed for bankruptcy relief in the United States Bankruptcy Court for the Southern District of Texas, 18-36322, jointly administered. Heller Draper's representation of the PetroQuest Committee terminated, and now it represents the GUC Administrator appointed under PetroQuest's confirmed plan of reorganization. Catapult Explorations, LLC, a member of the Committee, was a counterparty to an executory contract with PetroQuest.

22.    Heller Draper formerly represented the State of Louisiana in connection with certain small litigation matters unrelated to the Debtors and also represented the Attorney

General of the State of Louisiana in certain discreet matters relating to the BP oil spill, which matters were limited in scope, completely unrelated to the Debtors and have been concluded. None of these matters are active.

23. The Committee is satisfied that Heller Draper does not represent an interest adverse to the Committee with respect to the matters for which Heller Draper will be employed. To the best of the Committee's knowledge and except as set forth herein and in the attached Patrick Declaration, Heller Draper has no interest in or connection with any creditor or other party-in-interest in the Debtors' pending chapter 11 proceedings. Nor does Heller Draper hold any interest adverse to the interests of the Committee in the matters for which it is proposed to be employed. The employment of Heller Draper would be in the best interests of the Committee and Debtors' estates.

## WAIVER OF RULE 6003

24. Under Fed. R. Bankr. P. 6003(a), "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, th[is] [C]ourt shall not, within 21 days after the filing of the petition, grant relief regarding […] an application under [Fed. R. Bankr. Proc. 2014]." The Committee respectfully requests waiver of the Rule 6003 requirement and that this Court approve this Application *ex parte* because the Committee has a significant and immediate need for Heller Draper's legal assistance. The Committee further submit that Heller Draper's retention is in the best interest of these estates, and will not prejudice any parties in interest.

## NO PRIOR REQUEST

25. No prior application for the relief sought herein has been made to this or any other court.

## **CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit "5", authorizing it to retain and employ the firm of Heller Draper to represent it as its counsel in these chapter 11 cases and for such other and further relief as the Court deems just and equitable.

Dated:  May 30, 2019

                        **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FALCON V, L.L.C.**

                        By: */s/ Cole Griffin*
                             Cole Griffin
                             General Counsel
                             Knight Oil Tools, LLC
                             Chair of the Committee