# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § | Case No. 19-10547 |
| | § | |
| FALCON V, LLC, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

## DECLARATION OF WILLIAM H. PATRICK, III

I, William H. Patrick, III, being duly sworn, declare the following under penalty of perjury:

1. I am a member of the law firm of Heller, Draper, Patrick, Horn & Manthey L.L.C. ("Heller Draper"), with offices at 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130. I am currently admitted and in good standing as a member of the bar of the United States District Court for the Middle District of Louisiana. There are no disciplinary proceedings pending against me.

2. I am authorized to make this declaration (the "Declaration") on behalf of Heller Draper and the Declaration is submitted pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure in support of the Application to Employ Heller, Draper, Patrick, Horn & Manthey, LLC as counsel for the Official Committee of Unsecured Creditors (the "Committee") of Falcon V, LLC ("Application")[2]. By its Application, the Committee seeks court approval, pursuant to §§ 328 and 1103 of the Bankruptcy Code and Federal Rule of

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Falcon V, L.L.C. (1725); Falcon V Holdings, L.L.C. (8542); and ORX Resources, L.L.C. (9032). The address of the Debtors is 400 Poydras Street, Suite 1100, New Orleans, Louisiana 70130.

[2] Capitalized terms not defined herein are as defined in the Application.

{00368387-2}

Bankruptcy Procedure 2014, to employ and retain Heller Draper as its general bankruptcy counsel in connection with the Debtors' chapter 11 cases.

3.    Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto. Capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

## Services to be Provided

4.    In connection with the above-captioned chapter 11 cases, the Committee has requested authorization to retain Heller Draper as its general bankruptcy counsel.

5.    The Committee anticipates that Heller Draper will, in connection with these chapter 11 cases and subject to orders of this Court, provide a range of services to the Committee, including, but not limited to, the following:

    a.    advise the Committee in connection with its powers and duties under the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Local Rules;

    b.    assist and advise the Committee in its consultation with the Debtors relative to the administration of these cases;

    c.    attend meetings and negotiate with the representatives of the Debtors and other parties-in-interest;

    d.    assist and advise the Committee in its examination and analysis of the conduct of the Debtors' affairs;

    e.    assist and advise the Committee in connection with any sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code;

    f.    assist the Committee in the review, analysis and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be or has been filed and assist the Committee in the review, analysis and negotiation of the disclosure statement accompanying any such plan(s);

    g.    assist the Committee in analyzing the claims asserted against and interests asserted in the Debtors, in negotiating with the holders of such claims and interests, and in bringing, participating in, or advising the Committee with

     respect to contested matters and adversary proceedings, including objections or estimation proceedings, with respect to such claims or interests;

  h. assist with the Committee's review of the Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs and other financing reports prepared by the Debtors, and the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the historic and ongoing operation of their businesses;

  i. assist the Committee in its analysis of, and negotiations with, the Debtors or any third party related to, among other things, cash collateral issues, financings, compromises of controversies, assumption or rejection of executory contracts and unexpired leases, and matters affecting the automatic stay;

  j. take all necessary action to protect and preserve the interests of the Committee, including (i) possible prosecution of actions on its behalf; and (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved;

  k. generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports, replies, responses and papers in support of positions taken by the Committee;

  l. appear, as appropriate, before this Court, the appellate courts, and the United States Trustee, and protect the interests of the Committee before those courts and before the United States Trustee; and

  m. perform all other necessary legal services in these cases.

6. Heller Draper intends to work closely with the Debtors' representatives and the other professionals retained by the Committee to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates. To the extent the Committee seeks to retain additional professionals, Heller Draper will make all reasonable efforts not to unnecessary duplicate the services rendered by such additional professionals.

## Qualifications of Professionals

7. The Committee selected Heller Draper as its counsel because of the firm's experience in the field of bankruptcy and business reorganizations under Chapter 11 of the

Bankruptcy Code.  Heller Draper has experience in oil and gas bankruptcy cases.  Heller Draper has represented debtors, various committees, and other parties-in-interest in cases of national significance across the country and believes it is well qualified to act as attorneys for the Committee.

8. The Committee requires knowledgeable counsel to render these professional services.  As noted above, Heller Draper has substantial expertise in all of these areas.  Accordingly, Heller Draper believes it is well qualified to perform these services and represent the Committee's interest in these Chapter 11 cases.

### Disinterestedness of Professionals

9. To ascertain Heller Draper's "connections," as that term is used in Federal Rule of Bankruptcy Procedure 2014, with the Debtors and other parties-in-interest, certain of my colleagues and I reviewed the list of interested parties and counsel that is annexed hereto as **Schedule 1**.  That list includes (a) the Debtors and its affiliates, (b) current directors, officers, and senior management; (c) partners; holders of other equity interests; or investors in the Debtors; (d) significant lenders to the Debtors; (e) parties to surety bonds with the Debtors; (f) governmental agencies which interact with the Debtors; (g) parties with whom the Debtors are involved in litigation; (h) insurance entities with whom the Debtors have contracts; (i) major vendors of the Debtors; (j) landlords of the Debtors; (k) the Office of the United States Trustee; and (l) and bankruptcy judges in the Middle District of Louisiana.

10. Except as set forth therein, this conflicts check did not reveal any connection with the Debtors, their creditors, the United States Trustee, or any other party in interest, or their respective attorneys or accountants. In verifying the connections disclosed herein and in the

statements that follow, I have relied upon the professionals at Heller Draper and the investigation they have undertaken to compile the information upon which such disclosures are based.

11. Based on the conflicts search, to the best of my present knowledge, information, and belief, no member, associate, or counsel practicing in my firm represents or holds any interest adverse to the Committee and the Debtors, and all members, associates, and counsel practicing in my firm are "disinterested persons" as that phrase is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, all within the meaning of Section 327(a) of the Bankruptcy Code.

12. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, (a) neither I, Heller Draper, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, have a disqualifying connection with the Committee and its members, the Debtors, creditors of Debtors, the United States Trustee for the Middle District of Louisiana (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or its respective attorneys or accountants; (b) Heller Draper is not a creditor, equity security holder or insider of the Debtors; (c) none of Heller Draper's partners or associates is, or was within two years of the Petition Date, a director, officer or employee of the Debtors, and (d) Heller Draper neither holds nor represents an interest adverse to the Committee, the Debtors, their estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in Debtors or for any other reason.

13. I am not related, and to the best of my knowledge, no attorney at Heller Draper is related, to any United States Bankruptcy Judge in this district or to the United States Trustee for such district or any employee thereof.

14. On August 8, 2017, Knight Oil Tools, LLC ("KOT"), a member of the Committee, and its affiliates filed for bankruptcy relief in the United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division, Case No. 17-51014, jointly administered. KOT has emerged from chapter 11 relief and a final decree has been entered. Heller Draper represented KOT in its bankruptcy case as bankruptcy counsel and continues to represent KOT in small matters unrelated to the Debtors.

15. On June 2, 2017, Heller Draper represented the Official Committee of Unsecured Creditors ("Rooster Committee") of Rooster Energy, LLC and its affiliates, which filed for bankruptcy relief in the United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division, Case No. 17-50705, jointly administered. The Rooster Committee has terminated. Angelo Gordon Energy Servicer, LLC, a member of the Committee, was the largest secured creditor in the Rooster bankruptcy cases.

16. Heller Draper represented the Unsecured Creditors Committee of PetroQuest Energy, Inc. and its affiliates (collectively, "PetroQuest"), which filed for bankruptcy relief in the United States Bankruptcy Court for the Southern District of Texas, 18-36322, jointly administered. Heller Draper's representation of the PetroQuest Committee terminated, and now it represents the GUC Administrator appointed under PetroQuest's confirmed plan of reorganization. Catapult Explorations, LLC, a member of the Committee, was a counterparty to an executory contract with PetroQuest.

17. Heller Draper formerly represented the State of Louisiana in connection with certain small litigation matters unrelated to the Debtors and also represented the Attorney General of the State of Louisiana in certain discreet matters relating to the BP oil spill, which

6

{00368387-2}

matters were limited in scope, completely unrelated to the Debtors and have been concluded. None of these matters are active.

18. Heller Draper does not believe the representations described above create an interest adverse to the Committee with respect to the matters for which Heller Draper will be employed.

19. Heller Draper over the years has worked with many of the professionals who are or may become involved in these cases, representing either the same parties, parties with similar interests, or parties with adverse interests. None of these connections are materially adverse to the interests of the estate or any class of creditors or equity security holders.

20. Heller Draper and certain of its partners, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest of the Debtors in connection with matters unrelated to the Debtors and these cases. Heller Draper has searched its electronic database for any connections to the parties related to the Debtors as set in **Schedule 1**. The information listed may change without our knowledge during the pendency of these cases. Heller Draper will update this Declaration when necessary and when Heller Draper becomes aware of material information.

21. Despite the efforts described above to identify and disclose connections with parties in interest in these cases, because the Debtors are an enterprise with numerous creditors, Heller Draper is unable to state with certainty that every client representation or other connection of Heller Draper has been disclosed. In this regard, Heller Draper will periodically review its files during the pendency of these chapter 11 cases to ensure that no disabling conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Heller Draper will use reasonable efforts to identify such further

developments and will promptly file a supplemental declaration as Bankruptcy Rule 2014(a) requires

22. To the best of my knowledge and information after due inquiry, Heller Draper is a "disinterested person" within the meaning of Bankruptcy Code § 101(14) and pursuant to Bankruptcy Code § 328(c).

23. The proposed employment of Heller Draper is not prohibited by or improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure. Heller Draper believes that its professionals are qualified to represent the Committee in the matters for which the firm is proposed to be employed.

**Terms of Retention**

24. Subject to this Court's approval and in accordance with §§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Orders and Rules of this Court, the Committee requests that Heller Draper be compensated on an hourly basis, and be reimbursed for the actual, necessary expenses it incurs. Heller Draper's hourly billing rates for bankruptcy work range from $395 to $545 for members, $225 to $325 for associates, and $150 for paralegals subject to change from time to time, and all subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. The rates for services to be rendered by the particular attorneys at Heller Draper are shown on Exhibit "3", which is attached to the Application. In the event other attorneys are utilized, their rates will be charged at customary levels. Heller Draper respectfully submits that such rates are reasonable in light of the quality of the services being provided and the specialized nature of the services being provided. Additionally, Heller Draper's rates are consistent with the market. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic

adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

25. Heller Draper will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Committee in these chapter 11 cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging.

26. Heller Draper intends to maintain detailed, contemporaneous time records and to apply to the Court for the allowance of compensation for professional services and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any additional procedures that may be established by the Court in these chapter 11 cases. Heller Draper has agreed to accept as compensation such sums as may be allowed by the Court.

27. The Committee understands that Heller Draper hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the Petition Date. It is further contemplated that Heller Draper may seek interim compensation during these cases as permitted by Section 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and any further orders of this Court. Heller Draper understands that its compensation is subject to prior Court approval. Heller Draper will also make reasonable efforts to comply with the *Guidelines for Reviewing*

*Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, which are applicable in large cases.

## Compensation Received by Heller Draper

28. Heller Draper has not received a retainer in these cases. Additionally, there are no amounts due Heller Draper for prepetition services.

## Attorney Statement Pursuant To United States Trustee Guidelines

29. **Heller Draper makes the following submissions to comply with the United States Trustee Guidelines**, with respect to the Application (and will use its best efforts to comply within these cases going forward):

 (i) Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? **Answer**: No.

 (ii) Do any of the professionals included in the engagement vary their rate based on the geographic location of the bankruptcy case? **Answer**: No.

 (iii) If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. **Answer**: Heller Draper did not represent the Committee prior to the Debtors' chapter 11 cases.

 (iv) Has your client approved your prospective budget and staffing plan, and if so, for what budget period? **Answer:** Heller Draper is preparing its prospective budget and staffing plan for the period May 24, 2019 through July 31, 2019. The Committee has not yet approved that budget and staffing plan yet. Heller Draper

10

intends to present the budget and staffing plan at the Committee's next general meeting. The Committee understands that Heller Draper has a continuing obligation to prepare or update for review and approval by the Committee budget and staffing plans pursuant to the Large Case Guidelines.

30. I understand there is a continuing duty to disclose any adverse interest and change of disinterestedness.

31. I agree to immediately disclose any actual conflict of which I become aware during the course of Heller Draper's representation of the Committee.

32. I understand that the court's approval of the application is not approval of any proposed terms of compensation and under § 328(a) the Court may allow compensation on terms different from those proposed.

33. No promises have been received by Heller Draper or by any partner, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. Heller Draper has no agreement with any other entity to share with such entity any compensation received by Heller Draper in connection with these chapter 11 cases.

34. Heller Draper further states pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of Heller Draper, or (b) any compensation another person or party has received or may receive.

35. I am not aware of anyone who objects to Heller Draper's employment.

11

{00368387-2}

36. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstance relating thereto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 30, 2019

                                                        */s/ William H. Patrick, III*
                                                        **WILLIAM H. PATRICK, II**

**A. THE DEBTORS AND ITS AFFILIATES**
1. FALCON V, L.L.C.
2. FALCON V HOLDINGS, L.L.C.
3. ORX RESOURCES, L.L.C.
4. ORX, L.L.C.
5. ONLINE RESOURCES, L.L.C.
6. ORX EXPLORATION, INC.

**B. CURRENT DIRECTORS, OFFICERS, AND SENIOR MANAGEMENT**
1. J. LUIS BAÑOS, JR.
2. JAMES E. ORTH
3. MARC W. JARVIS
4. SUSAN PEEBLER
5. MARY HOOD
6. PETER LEIDEL
7. ROB ARNOTT
8. JAMES PAINTER
9. LUIS CASTRO

**C. PARTNERS; HOLDERS OF OTHER EQUITY INTERESTS; OR INVESTORS IN THE DEBTORS**
1. YORKTOWN ENERGY PARTNERS XI, L.P.
2. LEXINGTON CO-INVESTMENT PARTNERS ENERGY, L.P.

**D. SIGNIFICANT LENDERS TO THE DEBTORS**
1. 405 BAXTERVILLE LLC
2. ANGELO, GORDON ENERGY SERVICER LTD.

**E. PARTIES TO SURETY BONDS WITH THE DEBTORS**
1. LA OFFICE OF CONSERVATION

**F. GOVERNMENTAL AGENCIES WHICH INTERACT WITH THE DEBTORS**
1. DELAWARE STATE ATTORNEYS GENERAL
2. DEPARTMENT OF LABOR
3. ENVIRONMENTAL PROTECTION AGENCY
4. INTERNAL REVENUE SERVICE
5. LOUISIANA STATE ATTORNEYS GENERAL
6. U.S. EQUAL EMPLOYMENT AND OPPORTUNITY COMMISSION
7. OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION (OSHA)
8. LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY
9. LOUISIANA DEPARTMENT OF NATURAL RESOURCES

**G. PARTIES WITH WHOM THE DEBTORS ARE INVOLVED IN LITIGATION**
1.

**H. INSURANCE ENTITIES WITH WHOM THE DEBTORS HAVE CONTRACTS**
 1.

**I. MAJOR VENDORS OF THE DEBTORS**
 1.

**J. LANDLORDS OF THE DEBTORS**
 1.

**K. THE U.S. TRUSTEES OFFICE**
 1.

**L. BANKRUPTCY JUDGES IN THE MIDDLE DISTRICT OF LOUISIANA**
 1. DOUGLAS D. DODD